```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x
In re:                               :

ERIC J. MIHOK                        :   BK No. 06-10062
          Debtor                         Chapter 13
- - - - - - - - - - - - - - - - - - -x
In re:                               :

MARY MARGARET TRIGO                  :   BK No. 06-10589
          Debtor                         Chapter 13
- - - - - - - - - - - - - - - - - - -x
```

**OPINION AND ORDER OVERRULING SECURED CREDITORS'
OBJECTIONS TO CONFIRMATION**

APPEARANCES:

    Janet J. Goldman, Esq.
    Attorney for Debtors
    51 Jefferson Boulevard, Suite 7
    Warwick, Rhode Island 02888

    Catherine V. Eastwood, Esq.
    Attorney for Creditors, Bank of New York and
     Wachovia Bank, N.A.
    PARTRIDGE SNOW & HAHN LLP
    180 South Main Street
    Providence, Rhode Island 02903-7120

    John Boyajian, Esq.
    Chapter 13 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK Nos. 06-10062; 06-10589

The Bank of New York and Wachovia Bank, N.A. (collectively the "Banks"), object to confirmation in the Debtors' Chapter 13 cases, specifically to the following language which appears in both Debtors' plans:[1]

> The Bankruptcy Court shall retain exclusive jurisdiction over the assessment and/or entitlement of any mortgagee to attorneys' fees, costs or other expenses that accrue from the date of filing of the case through and including confirmation of the debtor's plan of reorganization. Any mortgagee requesting reimbursement from the debtor(s) or from and/or against property of the bankruptcy estate, for postpetition attorney's fees, costs, or expenses relating to this bankruptcy proceeding that accrued from the date of filing through and including confirmation shall file an application for approval with the Bankruptcy Court.

*Mihok*, BK No. 06-10062, Chapter 13 Plan, Doc. No. 20, at 5, ¶ C; *Trigo*, BK No. 06-10589, Chapter 13 Plan, Doc. No. 20, at 5, ¶ B.

Initially, the creditors protest having to file fee applications in these circumstances on the ground that the procedure is unduly burdensome, with the result that they will merely pass the additional expense of preparing and filing the fee application on to the Debtors. Secondly, in what has to be their main point, the Banks argue that the requirement in question amounts to a modification of the terms of their note and mortgage,

---

[1] These two cases present similar issues of law, the Debtors are represented by the same attorney, and the pleadings are identical, so they have been consolidated for purposes of this decision.

1

BK Nos. 06-10062; 06-10589

in violation of § 1322(b)(2).[2] As to the Banks' first argument, the Trustee and the Debtors acknowledge that the plan as proposed may result in an expense which *might* be passed on to them, but they are willing to waive the Banks' concern for their potential cost exposure and argue correctly, and probably insightfully, that the review process is necessary to assure the reasonableness of any additional fees requested.

The Banks' objection on the ground that the requirement to file a fee application is unduly burdensome has no merit, the cases they cite are inapposite, and their position on this issue is rejected.

The remaining question is whether the requirement to file a fee application violates Bankruptcy Code, Section 1322(b)(2), by modifying the Banks' contractual rights. In their objections they rely on *In re Good*, 207 B.R. 686 (D. Idaho 1997), where the court denied confirmation of a chapter 13 plan which proposed to cure a home mortgage default by applying payments first to the principal portion of the default balance, and thereafter paying the accrued interest amount of the default. Those terms, or anything even

---

[2] 11 U.S.C. § 1322(b)(2) states in part: "subject to subsections (a) and (c) of this section, the plan may -- modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . ."

2

BK Nos. 06-10062; 06-10589

resembling them, appear nowhere in the underlying note and mortgage. 207 B.R. at 690 (D. Idaho 1997). In denying confirmation, the court found that the plan indeed modified the terms of the contract, and I agree completely with the holding and the result in *Good.* But that case had nothing to do with our issue, i.e., does requiring a lender to submit a fee application constitute a modification of its loan documents? *Good* is so factually dissimilar from the instant case that it is useless as precedent here.

On the other hand, Judge Boroff's opinion in *In re Plant*, 288 B.R. 635 (Bankr. D. Mass 2003), is much more on point and provides a relevant analysis of the issue before us. *Plant* sought an itemization of the fees and costs charged by a secured lender and added to the arrearage claim that was to be paid through the Chapter 13 plan. *Id*. at 638-39. The lender objected to the requirement to itemize said fees and costs, relying on and paraphrasing Section 1322(e)[3] which requires that the claim be determined solely by the parties' contract, and applicable non-bankruptcy law. *Plant*, 288 B.R. at 640-41. The lender also

---

[3] This section provides: "Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C.A. § 1322(e).

3

BK Nos. 06-10062; 06-10589

argued that it should not be required to comply with federal and local rules of bankruptcy procedure requiring detailed fee applications, because such applications are not required by state law. *Id*.

In overruling the lender's objection, the bankruptcy court ruled that Bankruptcy Code Section 1322(e) is the operative statute, and noted that under Massachusetts law the guidelines for determining the reasonableness of fee requests is similar to the federal standards for bankruptcy judges. *Id*. at 641-43. The Court also explained:

> . . . while National City's entitlement to attorney fees and the standards for determining the reasonableness of those fees are grounded in Massachusetts state law, the procedure employed in making that determination rests solely on federally prescribed rules of procedure. Fed. R. Bankr. P. 1001 ("Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code."); *Tate v. Mortgage Corp.* (*In re Tate*), 253 B.R. 653, 665 (Bankr. W.D.N.C. 2000). . .
> More importantly, National City's claim for reimbursement of attorney's fees implicates property of the bankruptcy estate. *See* 11 U.S.C. § 1306.

*Plant*, 288 B.R. at 643. Bankruptcy Rule 2016(a) provides that "[a]n entity seeking interim or final compensation or reimbursement of necessary expenses *from the estate shall* file an application setting forth a detailed statement of (1) the services

4

BK Nos. 06-10062; 06-10589

rendered, time expended and expenses incurred, and (2) the amounts requested," and the rule applies "even though the application is filed by a creditor." Fed. R. Bankr. P. 2016 (emphasis added). As the court in *Plant* observed, the funds used to pay attorney fees added to the arrearage claim under a Chapter 13 plan are property of the estate, which triggers the fee application process. *Plant*, 288 B.R. at 643-44.

Although not dispositive, but also relevant to this discussion, the Rhode Island state standard for determining the reasonableness of fee requests is also very similar to the federal guidelines applicable in this and every other bankruptcy court. *See In re Schiff*, 684 A.2d 1126, 1131 (R.I. 1996) ("The starting point or 'lodestar' for determining the reasonableness of a fee is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'")(citation omitted); *see also*, R.I. R. Sup. Ct. Art. V, Rules of Prof'l Conduct R. 1.5 (listing factors in determining reasonableness of fees, including: time and labor required, novelty and difficulty of the question involved, skill required, customary fee charged for similar services, time limitations imposed, etc.) I agree completely with the rationale and the conclusion in *Plant,* that the issue is governed by Bankruptcy Code Section 1322(e), and hold that to

5

BK Nos. 06-10062; 06-10589

merely require a fee application does not modify any contractual rights of a secured lender. *Plant,* 288 B.R. at 641-42.

Therefore, until amended or modified, it will be the practice in this Court that the allowance of a secured creditor's fees and costs as part of its claim to be cured under a Chapter 13 plan may be conditioned upon the filing of a fee application conforming to Fed. R. Bankr. P. 2016 and R.I. LBR 2016-1, *Plant*, 288 B.R. at 644, with the following caveat, which is also borrowed from *Plant*: Where the debtor does not challenge the amount sought, the creditor is not required to prepare and file an application, and the creditor is not entitled to compensation for doing so. *Id*. If the debtor does request that an application be filed, the creditor will be allowed a reasonable fee for preparing the application, provided the request is not materially different, i.e., not a lot higher than the amount allowed. *Id*. If there is a material difference between the request and the award, then the creditor *may* be required to bear the expense of preparing the application, plus the fees and costs of the debtor incurred in successfully challenging the request, all depending on the facts and circumstance of the particular case. *Id*.

Finally, the Bank contends that our holding in *In re Araujo*, 277 B.R. 166 (Bankr. D.R.I. 2002), is dispositive, but I disagree.

6

BK Nos. 06-10062; 06-10589

*Araujo* dealt with a Chapter 13 plan that would give the bankruptcy court exclusive jurisdiction over pre-petition *and post-confirmation* attorney's fees and costs charged by holders of home mortgages. In rejecting that provision, I concluded that court oversight of *post-confirmation* fees and expenses was beyond the Court's authority. In the instant cases, the challenged provision affects only fees and costs incurred "from the date of filing through and including confirmation," and the parties agree that post-confirmation fees are not at issue. Therefore, *Araujo* is not applicable here.

For the foregoing reasons, the Bank's Objection to Confirmation of the proposed Chapter 13 plans is OVERRULED. If the Debtors so request, the Bank shall file an appropriate fee application within 14 days.

Enter judgment consistent with this opinion.

Dated at Providence, Rhode Island, this 14th day of March, 2007.

／s／ Arthur N. Votolato
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 3/14/2007

7